J-A09031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RACHEL C. ZIEGLER | : | |
| | : | |
| Appellant | : | No. 1099 MDA 2016 |

Appeal from the Judgment of Sentence June 14, 2016
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-SA-0000099-2016

BEFORE: GANTMAN, P.J., SHOGAN, J., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 27, 2017**

Appellant, Rachel C. Ziegler, appeals from the judgment of sentence entered in the Cumberland County Court of Common Pleas, following her bench trial conviction for the summary offense of defiant trespass—actual communication.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts of this case as follows:

> On January 26, 2016, [Appellant and co-defendant] rang the doorbell at a fur shop known as Charles Exclusive Furriers. When the shop owner came to the door, [Appellant and co-defendant] told her they were curious about the shop's products. She allowed them to enter. After entering the shop, [Appellant and co-defendant] began touching the furs asking questions about the furrier process. Suddenly, their "tone" changed, as they began

---

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

referencing the Bible and asking the shop owner if she thought she was God. At that point, the shop owner asked them to leave. She repeated the request multiple times but [Appellant and co-defendant] would not go.

Something akin to a scuffle occurred as the owner attempted to usher [Appellant and co-defendant] from the shop area into the lobby. During the scuffle, [co-defendant] thrust her cell phone into the shop owner's face. The owner somehow got possession of both [Appellant's and co-defendant's] phones as she ushered them outside and into the lobby. Another scuffle ensued after they were all in the lobby as the owner tried to lock the shop door behind her. After she was eventually able to get the door locked, she ran up the steps to the office to call the police. [Appellant and co-defendant] ran screaming behind her. [Appellant and co-defendant] were still in the lobby when the police arrived.

(Trial Court Opinion, filed September 16, 2016, at 1-2) (internal footnotes and citations to record omitted).

Procedurally, the Commonwealth charged Appellant with defiant trespass—actual communication. On March 31, 2016, the magisterial district court found Appellant guilty of defiant trespass—actual communication. Appellant timely filed a notice of summary appeal in the Court of Common Pleas on April 8, 2016. The court held a bench trial *de novo* on June 14, 2016. The court found Appellant guilty of defiant trespass—actual communication and sentenced her to 90 days' probation, plus costs and fines. Appellant timely filed a notice of appeal on July 6, 2016. On July 12, 2016, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), which she timely filed on July 28, 2016.

Appellant raises one issue for our review:

DID APPELLANT HAVE THE *MENS REA* TO COMMIT THE CRIME OF TRESPASS?

(Appellant's Brief at 4).

Appellant claims she became a business invitee when the owner invited Appellant into the fur shop. Appellant maintains that once the owner asked Appellant to leave, she attempted to exit the shop, but the owner prevented Appellant from leaving by confiscating her cell phone. Appellant insists she would have left the shop if the owner had not taken Appellant's cell phone. Appellant avers she remained in the vestibule outside the shop because she was waiting for the police to arrive. Appellant explains she remained at the scene until the police arrived because the owner still had physical possession of Appellant's cell phone. Appellant concludes the Commonwealth failed to produce sufficient evidence to establish she had the *mens rea* necessary to commit the crime of defiant trespass.

In a related argument, Appellant states she was inside the fur shop lawfully because the shop was open to the public. Appellant continues she "had complied with all 'lawful conditions' for remaining on the premises..." (***Id.*** at 11). Appellant asserts refusing to leave the shop immediately after the owner asked her to leave does not rise to a conviction of defiant trespass. Appellant concludes Section 3503(c)(2) of the Pennsylvania Crimes Code provides an affirmative defense that precludes a conviction of defiant trespass under these circumstances. For these reasons, Appellant

requests that we overturn her conviction. We disagree.

As a preliminary matter, generally "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. ***Commonwealth v. Wanner***, 2017 PA Super 81, at *2 (filed March 28, 2017) (quoting ***Commonwealth v. York***, 465 A.2d 1028, 1032 (Pa.Super. 1983)). Likewise, as a general rule, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***Commonwealth v. Castillo***, 585 Pa. 395, 888 A.2d 775 (2005).

The Pennsylvania Crimes Code defines defiant trespass and the relevant affirmative defense as follows:

> ### § 3503. Criminal trespass
>
> \* \* \*
>
> **(b) Defiant trespasser.—**
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:
>
> (i) actual communication to the actor;
>
> \* \* \*
>
> **(c) Defenses.—** It is a defense to prosecution under this section that:
>
> \* \* \*

> (2) the premises were at the time open to members of the public and the actor complied with all lawful conditions imposed on access to or remaining in the premises;
>
> * * *

18 Pa.C.S.A. § 3503(b)(1)(i), (c)(2).[2] "The crime of defiant trespass…includes an element of intent or *mens rea*. … This element of intent, like every other element of the crime, must be proven beyond a reasonable doubt if the conviction is to survive a challenge to the sufficiency of the evidence." **Commonwealth v. Namack**, 663 A.2d 191, 194 (Pa.Super. 1995).

A challenge to the sufficiency of the evidence implicates the following legal principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the

---

[2] The Pennsylvania Supreme Court has declared Section 3503(b.1)(1)(iv) and (b.1)(2) unconstitutional as violative of the single subject rule. See **Leach v. Commonwealth et al.**, ____ Pa. ___, 141 A.3d 426 (2016). This declaration does not affect the subsections of the statute relevant to the present case.

- 5 -

combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

Instantly, to the extent Appellant raises an affirmative defense for the first time on appeal, her claim is waived because she failed to raise the defense in the trial court, and she made no mention of it in her Rule 1925(b) statement. *See* Pa.R.A.P. 302(a); *Castillo, supra*; *Wanner, supra*; *York, supra*.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Edward E. Guido, P.J., we conclude Appellant's remaining issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed September 16, 2016, at 2-3) (finding: Appellant gained access to premises on false pretense she was customer of fur shop; Appellant's true reason for entering shop was to confront owner about selling animal furs; when Appellant's purpose became apparent, shop owner told Appellant to leave; despite multiple demands,

- 6 -

Appellant refused to leave; Appellant's argument that she refused to leave because shop owner had taken her cell phone fails; crime had occurred before shop owner took Appellant's cell phone because owner had already revoked Appellant's privilege to remain in shop; Appellant's refusal to leave was part of her plan to harass shop owner).  Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/27/2017</u>

COMMONWEALTH

v.

RACHEL C. ZIEGLER

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
: CP-21-SA-0099-2016
:
: CHARGE:   APPEAL FROM SUMMARY
:           DEFIANT TRESPASS
:           (SUMMARY)
:           CITATION NO. R0014108-3
:
: AFFIANT:   PTL. DANIEL HAIR

COMMONWEALTH

v.

CRYSTAL LYNN WANNER

: IN THE COURT OF COMMON PLEAS OF
: CUMBERLAND COUNTY, PENNSYLVANIA
:
: CP-21-SA-0100-2016
:
: CHARGE:   APPEAL FROM SUMMARY
:           DEFIANT TRESPASS
:           (SUMMARY)
:           CITATION NO. R0014131-5
:
: AFFIANT:   PTL. DANIEL HAIR

## IN RE: OPINION PURSUANT TO Pa. R.A.P. 1925[1]

Guido, P.J., September  / 5 , 2016

On June 14, 2016, we found both Defendants guilty of defiant trespass. They filed this timely appeal, in which they allege that the evidence was insufficient to support the guilty verdict.[2]

### FACTUAL BACKGROUND

We begin with a recitation of the facts as we found them to be. On January 26, 2016, the Defendants rang the doorbell at a fur shop known as Charles Exclusive Furriers.[3] When the shop

---

[1] 18 Pa. C.S.A. § 3503.
[2] Defendants' Concise Statement of Errors Complained of on Appeal, July 21, 2016.

14

owner came to the door, they told her they were curious about the shop's products.[4] She allowed them to enter. After entering the shop, they began touching the furs asking questions about the furrier process.[5] Suddenly, their "tone" changed,[6] as they began referencing the Bible and asking the shop owner if she thought she was God.[7] At that point, the shop owner asked them to leave.[8] She repeated the request multiple times but they would not go.[9]

Something akin to a scuffle occurred as the owner attempted to usher the defendants from the shop area into the lobby. During the scuffle, Defendant Wanner thrust her cell phone into the shop owner's face.[10] The owner somehow got possession of both defendants' phones as she ushered them outside the shop and into the lobby.[11] Another scuffle ensued after they were all in the lobby as the owner tried to lock the shop door behind her.[12] After she was eventually able to get the door locked, she ran up the steps to the office to call the police.[13] The Defendants ran screaming behind her.[14] They were still in the lobby when the police arrived.[15]

## DISCUSSION

The trier of fact determines the credibility of witnesses and the weight of the evidence and is free to believe all, part or none of the evidence presented. *Commonwealth v. Hunzer*, 868 A.2d 498, 505 (Pa. Super. 2005). The evidence will be deemed sufficient to support the verdict if

---

[3] The doors to the outside are locked at all times. Customers can gain entrance only by ringing the bell to get the attention of an attendant.

[4] Trial Transcript, p. 22, June 14, 2016.

[5] Trial Tr., p. 6.

[6] Trial Tr., p. 10.

[7] Trial Tr., p. 6.

[8] *Id.*

[9] *Id.*

[10] Trial Tr., pp. 6-7.

[11] Trial Tr., p. 7, 10. The lobby of the premises is separated from the area containing the furs by a locked door.

[12] Trial Tr., p. 7.

[13] Trial Tr., pp. 7-8.

[14] Trial Tr., p. 7.

[15] Trial Tr., p. 18.

the trier of fact reasonably could have determined from the evidence that all of the necessary elements of the crime were established. *Id.* at 506.

The defendants were charged with Defiant Trespass under Section 3503(b)(1)(i) of the Crimes Code which provides as follows: "A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by . . . actual communication to the actor."

In the instant case, the defendants gained access to the premises on the false pretense that they were customers. It was apparent that their true reason for being there was to confront the owner about her business of selling animal furs. When that true purpose became clear, the owner told them to leave. Despite multiple commands, they refused. Not only would they not leave, but Defendant Wanner began to accost the owner with her cell phone. They resisted the owner's efforts to get them out of the store. They also attempted to prevent her from closing and locking the door between the lobby and the shop. [16] They remained in the lobby until the police arrived. [17]

Defendants argue that they refused to leave only because the owner had confiscated their cell phones. However, this argument fails as a defense for two reasons. In the first instance, the crime was complete before the cell phones had been wrested from the defendants. The owner had revoked their privilege to remain in the store by telling them to leave numerous times. However, they refused. Furthermore, we did not believe that they refused to leave only because the owner had taken their phones. It was clear that their refusal to leave was part of their plan to harass the shop owner because of her business. For these reasons, we found Defendants guilty of defiant trespass.

---

[16] Trial Tr., p. 9.
[17] Trial Tr., pp. 18, 31-32.

_____  
9/15/16  
DATE

BY THE COURT,

_____  
Edward E. Guido, P.J.

District Attorney

David R. Dautrich, Esquire  
526 Court Street  
Reading, PA 19601

Court Admin

Copies handed on     **SEP 1 6 2016**

Copies mailed on_____ **SEP 1 6 2016**