465 A.2d 1028

**COMMONWEALTH of Pennsylvania, Appellant (1687 Oct. 1979).**

**v.**

**Phillip YORK, Jr., Appellant (1718 Oct. 1979).**

Superior Court of Pennsylvania.

Argued June 9, 1980.

Filed Sept. 9, 1983.

14

David M. McGlaughlin, Assistant District Attorney, Norristown, for Commonwealth, appellant (at No. 1687) and for Commonwealth, appellee (at No. 1718).

Martin King, New Hope, for appellant (at No. 1718) and for appellee (at No. 1687).

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

CAVANAUGH, Judge:

This is an appeal and cross appeal of a suppression order issued by the Court of Common Pleas, Montgomery County. The Commonwealth appeals from the lower court's suppression order granting appellee's motion to suppress all of the testimony of Pennsylvania State Police Agent Denise Duez, who was an undercover police officer in the case, and the testimony of Jeffery Knoll, an alleged co-conspirator in this matter. In addition the defendant,[1] Phillip York, filed a cross appeal claiming that the charges should be dismissed with prejudice. For the reasons discussed below, we reverse the suppression order of the lower court and remand for trial.

■ The initial issue to be determined is whether the suppression order is appealable. This court recently stated in *Commonwealth v. Lapia,* 311 Pa.Super. 264, 457 A.2d 877 (1983) that "[w]hen confronted with a Commonwealth appeal from an order suppressing evidence, we must first determine for ourselves whether the order is appealable— whether it terminates or substantially handicaps the prosecution; and we must make that determination on the basis of the record, and on that basis alone."[2] Applying the test

1. Phillip York is the appellant in the cross appeal. Hereinafter we will refer to York as appellee for the sake of clarity.

2. The decision in this case was held pending the disposition in *Commonwealth v. Lapia, supra.*

to this case we conclude that the suppression order is appealable. The appellee was charged with various drug offenses. Based upon our review of the record it is apparent the Commonwealth would be at least substantially handicapped without the testimony of Agent Duez and alleged coconspirator Jeffery Knoll. The testimony of Agent Duez and Jeffery Knoll is vital and necessary for the prosecution to prove the substance and character of the charges against the appellee.

The facts giving rise to the case at hand are as follows. During the fall of 1978, Pennsylvania State Police Agent Denise Duez was acting as an undercover agent for the Region One Strike Force making various purchases of alleged controlled substances. During the course of this undercover work the appellee was arrested and charged with the aforementioned crimes in conjunction with four transactions.[3]

The crux of this appeal is based upon an investigative technique employed by Agent Duez. She would record on a cassette tape all of the details she had memorized from the course of a transaction. She would do this immediately following the completion of a purchase. In turn, within one day to one week later she would use these personal narratives in the preparation of her official written report. Subsequently she would tape over the same recordings with the consequence of erasing the previously recorded notes relating to other transactions. At the preliminary hearing, as well as the suppression hearing, Agent Duez did not have a comprehensive recollection of all the details surrounding the events leading to appellee's arrest. Therefore she found it necessary to rely upon the previously mentioned written police reports. Agent Duez admitted that in making her official report she included only the details from her taped notes which she determined were relevant to the transac-

**3.** The appellee was charged with four separate violations of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.S.A. § 780–113(a)(6), (30) and Criminal Conspiracy, 18 Pa.C.S.A. § 903.

tion. She also testified that she had included in her tape recorded notes impressions of her interactions with alleged co-conspirator, Jeffery Knoll, who was scheduled to testify as a witness for the prosecution.

The lower court ruled at the suppression hearing that Agent Duez's testimony as well as that of Jeffery Knoll should be suppressed. The lower court based it's opinion and subsequent order on the theory espoused by appellee, that Agent Duez's action of destroying her tape recorded notes was a complete usurpation of a judicial function in deciding what is admissible and that defense counsel would be severely hindered in their cross examination of Commonwealth witnesses due to their inability to review Agent Duez's tape recorded notes. The appellant claims the lower court erred in suppressing all of the testimony of Agent Duez and Jeffery Knoll. Appellee contends the lower court properly found a violation of his right to due process as well as other constitutional rights.[4] Appellant makes the threshold contention that the written reports of Agent Duez are not discoverable regardless of how they were prepared. Pennsylvania Rule of Criminal Procedure 305 governs the area of pre-trial discovery. Though it might be argued to the contrary,[5] in applying Pa.R.Crim.P. 305 to the instant facts, we can see no specific requirement that a police officer's official report or taped notes is discoverable by the defense. However, the duty to preserve evidence and its

**4.** Appellee specifically proposed the following arguments:
(a) By unilaterally destroying the tape recorded transcriptions made when her recollection was fresh and by subjectively determining what was "relative" to the prosecution, the Agent usurped the trial court's function of an in camera review of the evidence and the determination of admissibility
(b) Law enforcement authorities have destroyed a substantial means of challenging the credibility of Commonwealth witnesses and the only means of the court verifying the representations of the contents of the notes therefore the Commonwealth cannot complain of the remedy fashioned by the court.
(c) Due to the destruction of the tapes there is no requirement that the defendant show prejudice.

**5.** *See* for example Pa.R.Crim.Pro 305(B)(1)(a).

18

admissibility at trial is not determined by its discoverability. Evidence which may not be the subject of discovery may be relevant at trial. Therefore, the present issue cannot be decided on the basis of discoverability.

■ Both appellant and appellee in their respective arguments rely upon a series of federal cases which address the issues of the suppression and destruction of potential evidence. *U.S. v. Harris,* 543 F.2d 1247 (9th Cir.1976); *U.S. v. Harrison,* 524 F.2d 421 (D.C.Cir.1975); *U.S. v. Bryant,* 448 F.2d 1182 (D.C.Cir.1971). The courts in determining a remedy in these cases have primarily based their holding on a conclusion that the destruction or suppression was a violation of the Jencks Act, a federal statute, 18 U.S.C. § 3500 and/or Federal Rule of Criminal Procedure 16. *U.S. v. Harris, supra; U.S. v. Harrison, supra; U.S. v. Bryant, supra.* The aforementioned Act, Rule and cases decided thereunder are not binding in our Commonwealth. The federal rule is not of constitutional dimension and does not bind the states *U.S. v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969).

■ Nor do we agree with appellee's contention that *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) requires that the testimony be suppressed. In order to prevail on a claimed violation of *Brady* and its progeny proof is required of each of the following: "(a) suppression by the prosecution after a request by the defense; (b) evidence's favorable character for the defense; and (c) the materiality of the evidence." *Moore v. Illinois,* 408 U.S. 786, 794–95, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706 rehearing denied, 409 U.S. 897, 93 S.Ct. 87, 34 L.Ed.2d 155 (1972). *See also, Commonwealth v. Wallace,* 500 Pa. 270, 274–75, 455 A.2d 1187, 1189 (1982).

■ In the instant matter there is no evidence that the prosecutor suppressed or destroyed the tapes. On the

contrary, testimony from the suppression hearing reveals that Agent Duez obliterated the tapes by using them for further recording. Moreover, there is no evidence that it was done in bad faith and the prosecution never had a chance to see it much less suppress it. In *Commonwealth v. Giles*, 500 Pa. 413, 456 A.2d 1356 (1983) our Supreme Court found no *Brady* violation when it was shown that the "police 48" a preliminary recording of information by police following an incident, was mislaid before it was ever in the possession of the prosecutor.

In the instant matter while we cannot approve the procedure by Agent Duez which erased her recorded impressions, we do not agree that the action taken by the lower court was appropriate. Appellee's right or opportunity to cross-examine the witnesses is not so severely affected by the absence of the tapes as to warrant the harsh sanction of the witnesses' suppression. Appellee still has the chance to fully cross-examine the witness regarding her recollections of the events giving rise to the arrest. Appellee can scrutinize Agent Duez's official report in any aspect, as to its contents and compilation, and explore the effect of the destruction of the tapes on the witnesses' credibility. The credibility of a witness is within the sole province of the finder of fact. *Commonwealth v. Kennerly*, 269 Pa.Super. 404, 410 A.2d 319 (1979).

The lower court in its opinion referred to "accounts of interviews" by Agent Duez with Jeffery Knoll which were included in Agent Duez's tape recorded notes. This statement of fact is not supported by the record in this case. The record contains no testimony that Agent Duez actually interviewed appellee or Jeffery Knoll. The record only reflects that Agent Duez had tape recorded her initial impressions as to the alleged drug transactions with appellee and Jeffery Knoll. For the reasons stated above we cannot agree that the appellee had been hindered or limited in cross-examining Jeffery Knoll to the degree that the

testimony of Knoll should be suppressed because of the possible value that Duez's recorded impressions may have in his cross-examination.

■ We have determined that the issue raised by York in his cross-appeal has been waived. He contends that if any error was committed by the lower court it was in restricting his remedy to suppression. He alleges that Agent Duez's unsuccessful action of attempting to interview York, after his arrest, without the presence of counsel constituted a willful and bad faith violation of the attorney-client relationship. The lower court noted in its findings that it was shocked by the agent's conduct and such conduct could well be called a "deliberate attempt to destroy the attorney-client relationship." York now claims that this intentional bad faith conduct requires that the charges be dismissed with prejudice.

We do not reach the merits of this issue because York did not preserve it for the purpose of appeal in accordance with Pa.R.Crim.P. 306(e), which reads as follows:

**Rule 306. Omnibus Pretrial Motion for Relief**

(e) All grounds for the relief demanded shall be stated in the motion and *failure to state a ground shall constitute a waiver thereof.*

■ York did not present this contention in his Ominibus Pretrial Motion for Relief. The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that on appeal a new and different theory of relief may not be successfully advanced for the first time on appeal. *Morgan v. Sbarbaro,* 307 Pa.Super. 308, 453 A.2d 598 (1983).

Order reversed, case remanded. We relinquish jurisdiction.