J. S22024/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :     IN THE SUPERIOR COURT OF
                                                          :            PENNSYLVANIA
                                                           :

                             v.                        :
                                                            :

KEVIN R. KLINKNER                    :
                                                             :

APPEAL OF: ONOFRIO LOUIS POSITANO  :     No. 1169 MDA 2015

Appeal from the Order Entered June 25, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division No(s): CP-54-MD-0000733-2015
CP-54-MD-0000735-2015

BEFORE: MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                 **FILED APRIL 28, 2016**

Appellant, Onofrio Positano, appeals *pro se* from the June 25, 2015 Order denying and dismissing Appellant's Petition for Review of the Schuylkill County District Attorney's disapproval of Appellant's Private Criminal Complaint. Because Appellant failed to preserve for review or develop properly the issues he raises before this Court, we conclude Appellant waived his arguments. We, therefore, affirm.

The facts and procedural history of this case are as follows. Appellant filed a Private Criminal Complaint with the Schuylkill County District Attorney alleging that an attorney for the Department of Corrections improperly

---

[*] Retired Senior Judge assigned to the Superior Court.

contacted a physician Appellant intended to call as an expert witness in Appellant's civil professional liability claim. *See* Private Criminal Complaint at 3-4 (unpaginated). *See also* Order of Court, filed 6/25/15, at 1.

In a letter to Appellant, the Schuylkill County District Attorney disapproved the Private Criminal Complaint citing policy considerations, namely that Appellant's complaints are "tantamount to prisoner litigation and are civil in nature." Order of Court at 1. The Schuylkill County District Attorney also cited the "adequate civil remedies available" to Appellant as grounds for the policy-based decision not to prosecute Appellant's claim. *Id.* at 1-2.

On June 18, 2015, Appellant filed a Petition for Review with the Court of Common Pleas of Schuykill County seeking review of the District Attorney's disapproval of Appellant's criminal complaint. Significantly, Appellant's petition averred only the following ground for relief:

> [T]his decision is erroneous as this is not a prisoner's confinement matter however, it is a criminal act committed against the Commonwealth under 18 Pa.C.S. 4907, 18 Pa.C.S. 4952 and 18 Pa.C.S. 3306 and therefore should be prosecuted.

Petition for Review, filed 6/18/15. [1]

---

[1] Section 4907, Tampering with Witness, was repealed more than thirty years ago. 18 Pa.C.S. 4907 (repealed 1980). Section 4952 defines the criminal offense of Intimidation of Witnesses or Victims. 18 Pa.C.S. 4952. Section 3306 defines the offense of Unauthorized Use or Opening of Fire Hydrants. 18 Pa.C.S. 3306. It would appear, based on other filings, Appellant intended to cite 18 Pa.C.S. 306, Liability for Conduct of Another.

The Honorable Charles M. Miller denied Appellant's Petition for Review in a written Order filed June 25, 2015.[2]  The trial court found as follows:

> Pursuant to Pa.R.C.P. 506, there is no evidence that the District Attorney's decision to deny a Private Criminal Complaint to this Petitioner was patently discriminatory, arbitrary or pretextual, and therefore, not in the public interest.  It is within the District Attorney's prosecutorial discretion to not approve this Private Criminal Complaint.

Order of Court at 2 (citing **Commonwealth v. Michaliga**, 947 A.2d 786 (Pa. Super. 2008)).

Appellant timely appealed, and Judge Miller ordered Appellant to file a Pa.R.A.P. 1925(b) Statement.  Appellant complied, raising the following four issues, verbatim:

> (a)  Affiant avers, that he is appealling [*sic*] this court's decision to dismiss as to Item 1, as affiant's averments clearly stated the violation of 3 criminal statutes of the Commonwealth of Pennsylvania . . . .
>
> (b)  Affiant avers, that this matter is not tantamount to a prisoner litigation but truly a criminal action committed by the defendants against the peace and dignity of the Commonwealth of Pennsylvania and are not civil in nature.
>
> (c)  Affiant avers, that this matter has absolutely no civil remedies.  And under the statutes of the Commonwealth of Pennsylvania and Rules 506, 503 and 504 he did properly file the Private Criminal Complaint and has a right to do so.
>
> (d)  Affiant avers, that the policy cited by the District Attorney is in complete violation of the affiant's civil rights under the U.S. Constitution 14th Amendment of due process of law and the Equal Protection of law clause as it illegally and unconstitutionally "classes" the affiant differently from all non-prisoner affiants. And is patently discriminatory.

---

[2] The trial court later submitted this Order as its Rule 1925(a) Opinion.

Pa.R.A.P. 1925(b) Statement (capitalizations omitted) (lettered for ease of review).

In his Brief to this Court, Appellant raises the following "Questions," verbatim:

> 1.    Should the District Attorney, by policy, refuse to prosecute a Private Criminal Complaint without any investigation?
>
> 2.    Should the District Attorney, and the lower Courts be allowed to ignore violations of criminal statutes of the Constitution of the Commonwealth of Pennsylvania?
>
> 3.    Should the District Attorney, be allowed, by policy to violate the civil rights of an individual under the Fourteenth Amendment's Equal Protection of Law Clause by "classing," prisoners differently than other individuals filing a Private Criminal Complaint?
>
> 4.    Should the lower Court be allowed to use as the proper standard of review, bad faith, fraud or unconstitutionality when the decision of the District Attorney not to prosecute was policy only?

Appellant's Brief at 2.

Before we reach the merits of the issues raised on appeal, we determine whether those issues were properly preserved and properly developed for review.

Appellant was required to preserve his claims for appellate review at three distinct junctures: in his Petition for Review, in his Rule 1925(b) Statement of Errors, and in his Brief to this Court. Our Pennsylvania Rules of Appellate Procedure and our case law lay out the well-established requirements for preserving a claim for appellate review.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. ***Commonwealth v. York***, 465 A.2d 1028, 1032 (Pa. Super. 1983). This includes "issues of constitutional dimension." ***Coulter v. Ramsden***, 94 A.3d 1080, 1089, *appeal denied*, 110 A.3d 998 (Pa. 2014).

Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted). ***See also*** Pa.R.A.P. 1925(b)(4)(ii) ("The [1925(b)] Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge").

Finally, this Court will address only those issues properly presented and developed in an appellant's brief as required by our rules of appellate procedure, Pa.R.A.P. 2101-2119. "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Coulter, supra*** at 1088 (citation and quotation omitted)*.* Thus, issues raised in a Brief's Statement of Questions Involved but not developed in the Brief's argument section will be deemed waived. ***Harkins v. Calumet Realty Co.***, 614 A.2d 699, 703 (Pa. Super. 1992).

With these precepts in mind, we conclude that each of Appellant's issues are waived for the following reasons.

First, Appellant argues the District Attorney should not be permitted to deny a Private Criminal Complaint on policy grounds without conducting an investigation into the Complaint. Appellant waived this claim by failing to present it to the trial court in his Petition for Review, and for failing to include the claim in his 1925(b) Statement.

Appellant next avers in his Brief's Statement of Questions Involved that the District Attorney and trial court both erred by "ignor[ing] violations of criminal statutes." Appellant's Brief at 2. Arguably, this is a reframing of his Rule 1925(b) Statement issues (a) and (b). However, we conclude Appellant waived the issue by failing to develop this claim in the argument portion of his Brief to this Court.

While Appellant identifies four issues in the Statement of Questions Involved, the Brief's argument section improperly includes only two argument sections. *See* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued"). His first argument section alleges it was error to dismiss his Private Criminal Complaint without an investigation. Appellant's Brief at 5-6. The second section alleges a Fourteenth Amendment violation, and closes with a conclusory allegation that the trial court should have used a different standard of review. *Id.* at 6. Neither section develops Appellant's assertion that the District Attorney

and the trial court improperly ignored violations of the criminal code.[3] "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Coulter**, **supra** at 1088. Accordingly, this issue is waived.

In his third issue, Appellant argues that the District Attorney's policy discriminates against prisoners in violation of the Equal Protection Clause of the Fourteenth Amendment. Appellant's equal protection claim is wholly new and distinct from the question Appellant asked the trial court to address in his Petition for Review, namely whether the District Attorney mistakenly categorized his complaint as a prisoner's confinement matter. Because Appellant is improperly attempting to raise a new theory of relief for the first time on appeal, we conclude this Fourteenth Amendment claim is waived. **See** Pa.R.A.P. 302(a); **Coulter, supra** at 1090.

Finally, Appellant argues that the trial court used the incorrect standard of review when affirming the District Attorney's decision not to prosecute Appellant's Private Criminal Complaint. Appellant did not raise this claim in his Rule 1925(b) statement, and failed to develop it in any meaningful way in his brief to this Court as required by Pa.R.A.P. 2119(a). Therefore, this fourth and final claim is waived.

---

[3] At best, Appellant's brief makes a bald assertion that various sections of the criminal code were violated. It does not in any way describe the alleged misconduct or argue how that misconduct supports the elements of each offense. Nor does it address the District Attorney's discretion to decline to prosecute complaints for permissible policy reasons even if a violation has been shown.

For the foregoing reasons, we conclude Appellant has waived his issues. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2016