J-A29045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAMSIDEEN ALI KIRKSEY | : | |
| | : | |
| Appellant | : | No. 2996 EDA 2016 |

Appeal from the Judgment of Sentence August 18, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010398-2015

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 10, 2018**

Appellant Shamsideen Ali Kirksey Appeals from the Judgment of Sentence entered in the Court of Common Pleas of Philadelphia County on August 18, 2016, following his convictions of Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, Robbery with Threat of Immediate Serious Injury, Theft by Unlawful Taking or Disposition, Receiving Stolen Property, and Robbery, Serious Bodily Harm.[1]  We affirm.

The trial court aptly set forth the relevant facts and procedural history herein as follows:

**FINDINGS OF FACT**

On September 8, 2015, at approximately 12:00 [a.m.], Ms. Antoinette Hester ("Ms. Hester") was walking from Spruce Street towards Market Street when a group of approximately five or six

---

[1] 18 Pa.C.S.A. §§ 2702(a); 2701(a); 2705; 3701(a)(3); 3921(a); 3925(a); and 3701(A)(2), respectively.

---

\*   Former Justice specially assigned to the Superior Court.

men began to "cat-call" her. N.T. 5/3/16 at 9. Ms. Hester crossed the street to avoid the men, but one of them followed her and continued to attempt to engage with her. *Id*. Feeling threatened, Ms. Hester turned down Locust Street to get away from him. *Id*. at 10. As Ms. Hester turned on Locust Street, the man grabbed her pocketbook, pulling her onto the ground. *Id*. He then began to kick Ms. Hester and took her cell phone. *Id*. The man also took ten dollars from her pocket. *Id*. at 13. Soon after, the group of men that the man had initially been standing with approached and began to ask the man why he had taken Ms. Hester's phone. *Id*. at 11. The man threw Ms. Hester's phone back at her but kept the ten dollars. *Id*. at 14. He then proceeded to walk down Locust Street towards 54th Street while Ms. Hester called 9-1-1 and walked towards 55th Street. *Id*. at 30.

In the early hours of September 8th 2015, Officer Graber responded to a report of a robbery in progress on the 5400 block of Locust Street. *Id*. at 40. When Officer Graber arrived at the corner of 55th and Locust Streets, he met the victim Ms. Hester. *Id*. Officer Graber observed that Ms. Hester's face was covered in blood, her lip was deformed, and she had a cut on her face. *Id*. at 41. Ms. Hester told Officer Graber the direction that her attacker had headed. Officer Graber placed Ms. Hester in the back of his cruiser and drove eastbound on the 540 block of Locust Street. *Id*. He then turned right onto 54th Street, heading southbound. He and Ms. Hester spotted [Appellant] headed eastbound on Irving Street.[1] *Id*. As Officer Graber and Ms. Hester neared [Appellant], she exclaimed "That's the person that beat me up." *Id*. Officer Graber then stopped [Appellant], noticing that he had blood on his forearms and on his hands and that he matched the description that Ms. Hester had given. *Id*. at 42. When stopped by Officer Graber, [Appellant] complied and appeared uninjured. *Id*. at 45. Ms. Hester recognized [Appellant] from the back of the police cruiser based on the clothes he was wearing. *Id*. At 17. Further, Ms. Hester recognized [Appellant's] voice as he spoke with officer Graber. *Id*. Ms. Hester also identified [Appellant] in court as the man who had attacked her. *Id*. At 12.

## PROCEDURAL HISTORY

On September 8, 2015 [Appellant] was arrested and charged with Aggravated Assault (18 Pa.C.S.A. § 18 2702 §§A), Simple Assault (18 Pa.C.S.A. § 2701 §§A), Recklessly Endangering another Person (18 Pa.C.S.A. § 2705), Robbery with Threat of Immediate Serious Injury (18 Pa.C.S.A. § 3701 §§ Al

II), Theft by Unlawful Taking of Movable Property (18 Pa_C.S.A. § 3921 §§A), Receiving Stolen Property (18 Pa.C.S.A. § 3925 §§A) and Robbery with the Infliction of Serious Bodily Harm (18 Pa.C.S.A. § 3701 §§A11). On November 4, 2015, the charge of Robbery with the threat of immediate Serious Injury was replaced with a charge of Robbery with Infliction of Serious Bodily Injury. On May 3, 2016, [Appellant] requested and was granted a waiver of a jury trial, which occurred before the Honorable Sean F. Kennedy. *Id*. at 7. The trial was bifurcated and continued on May 10, 2016. N.T. 5/10/16 at 4. Based on the testimony given at trial, [Appellant] was found guilty of all charges, and a pre–sentencing interview was ordered as well as a mental health review. *Id*. at 29. Sentencing occurred on August 16, 2016. [Appellant] was sentenced to three and a half to seven years['] incarceration plus five years reporting probation for aggravated assault; three and a half to seven years['] incarceration plus five years reporting probation for robbery; and, two years reporting probation for recklessly endangering another person. *Id*. at 24. All three sentences were to run concurrently, resulting in an aggregate sentence three and a half to seven years['] incarceration plus five years reporting probation. *Id*.

___

[1]At trial, two witness[es] testified on [Appellant's] behalf. Ms. Erica Blackwell, [Appellant's] neighbor, testified that she saw [Appellant] and another man named Stan get into a fight between 11:30 and midnight on September 8, 2015. N.T. 5/10/15 at 8. Ms. Blackwell testified that she saw blood on the shirts of both [Appellant] and Stan, and that after the fight [Appellant] walked toward Irving Street but did not see where [Appellant] went after that. *Id*. Ms. Juanita Jones, the second witness for [Appellant] and [Appellant's] significant other, testified that she gave [Appellant] and the man named Stan clean shirts to replace their bloody ones after the fight. *Id*. at 15.

Trial Court Opinion, filed 6/29/17, at 1-3.

Appellant failed to file a post-sentence motion, but he did file a timely notice of appeal on September 15, 2016. In its Order entered on September 29, 2016, pursuant to Pa.R.A.P. 1925, the trial court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days.

Appellant filed his untimely Concise Statement of Matters Complained of on

Appeal on November 9, 2016, wherein he raised the following issue:

> The trial [c]ourt erred when it found [Appellant] guilty on Aggravated Assault and Robbery when in fact the evidence presented by a non-partisan witness established [Appellant] had been involved in a fight with another male several blocks away several minutes before the complainant was assaulted and not possibly the assailant.

***See*** Concise Statement at ¶1.[2]

In the Statement of Questions Involved portion of his appellate brief,

Appellant presents a single challenge to the weight of the evidence to sustain

each of his convictions:

> 1.  Whether the weight of the evidence is against Appellant's convictions for Aggravated Assault )(18 Pa.C.S. § 2702(a)), Simple Assault (18 Pa.C.S. § 2701(a)), Recklessly Endangering Another Person (18 Pa.C.S. § 2705), Robbery with Threat of Immediate Serious Injury (18 Pa.C.S. § 3701(a)(1)(ii)), Theft by Unlawful Taking of Movable Property (18 Pa.C.S. § 3921(a)), and Receiving Stolen Property (18 Pa.C.S. § 3925(a)).

Brief for Appellant at 6.

Initially, we address the untimely filing of Appellant's concise statement

of matters complained of on appeal.  The Pennsylvania Rules of Appellate

Procedure prescribe: "If an appellant in a criminal case was ordered to file a

Statement and failed to do so, such that the appellate court is convinced that

---

[2] Appellant also reserved therein "the right to re-allege ineffective assistance of trial counsel at a Post Conviction Relief Act hearing in the future in the event the Appellate Court does not entertain his collateral ineffective assistance of counsel claim in this appeal.  *See Commonwealth v. Grant*, 813 A.2d 726 (PA. 2002)."  ***See*** Concise Statement at ¶ 2.

counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Pa.R.A.P. 1925(c)(3). In **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009), this Court held that when counsel files a Rule 1925(b) statement beyond the court-ordered deadline, the proper remedy is the remand procedure provided in Rule 1925(c)(3). **Id.** at 431. We reasoned:

> The complete failure to file the 1925 concise statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal. Likewise, the untimely filing is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal.
> Thus[,] untimely filing of the 1925 concise statement is the equivalent of a complete failure to file. Both are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief.
> The view that Rule 1925(c)(3) does not apply to untimely 1925 concise statements would produce paradoxical results. The attorney who abandons his client by failing to file a 1925 concise statement would do less of a disservice to the client than the attorney who files a 1925 concise statement beyond the deadline for filing.

**Id.** at 432–33.

Based on Pa.R.A.P. 1925(c)(3) and **Burton**, where a trial court finds issues waived on appeal for failure to file a timely Rule 1925(b) statement, the proper remedy would be for this Court to remand the certified record to the trial court with directions to accept Appellant's Rule 1925(b) statement *nunc pro tunc* and to file a Rule 1925(a) Opinion addressing the issues presented in Appellant's statement. Herein, the trial court did not comment on the untimely filing of Appellant's Rule 1925(b) statement and, in fact, it

addressed the issue raised therein. In doing so, it found the claim waived for Appellant's failure to raise it previously before the trial court and, in the alternative, determined the issue lacked merit. **See** Trial Court Opinion, filed 6/29/17, at 4-7. Therefore, the trial court essentially accepted Appellant's concise statement *nunc pro tunc*, and a remand is not necessary.

In his appellate brief, Appellant presents a challenge to the weight of the evidence with regard to each crime of which he had been convicted. However, in his concise statement of errors complained of on appeal, Appellant does not specifically assert a weight of the evidence challenge and references only his Aggravated Assault and Robbery convictions. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. **Commonwealth v. York**, 465 A.2d 1028, 1032 (Pa.Super. 1983). Similarly, our Supreme Court has made it clear that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived." **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (citation and quotation omitted); **see also** Pa.R.A.P. 1925(b)(4)(vii). Thus, Appellant has waived any challenge to his Simple Assault, Recklessly Endangering Another Person, Theft by Unlawful Taking and Receiving Stolen Property convictions for his failure to include such claims in his Rule 1925(b) statement.

In his concise statement, Appellant posits his Aggravated Assault and Robbery charges were belied by a "non-partisan witness." In presenting this argument, Appellant seeks to assert a weight of the evidence challenge. *See*, *e.g.*, *Commonwealth v. Gibbs*, 981 A.2d 274, 281-282 (Pa.Super. 2008) (an argument that the fact-finder should have credited one witness's testimony over that of another witness goes to the weight of the evidence, not the sufficiency of the evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-714 (Pa.Super. 2003) (a review of the sufficiency of the evidence does not include a credibility assessment; such a claim goes to the weight of the evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa.Super. 1997) (the fact-finder makes credibility determinations, and challenges to those determinations go to the weight of the evidence, not the sufficiency of the evidence). We agree with the trial court that Appellant has waived this claim.

As stated previously, an appellant waives an issue not properly preserved in the lower court. Pa.R.A.P. 302(a). A review of the certified record reveals that Appellant did not raise a challenge to the weight of the evidence before the trial court at any time prior to sentencing or in a post sentence motion. Pa.R.Crim.P. 607(A) provides:

> A) A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
> (1) orally, on the record, at any time before sentencing;
> (2) by written motion at any time before sentencing; or
> (3) in a post -sentence motion.

Pa.R.Crim.P. 607(A). The comment to Rule 607 provides that "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived. Appellate review of a weight of the evidence claim is limited to a review of the judge's exercise of discretion." *Id* (citations omitted). Thus, Appellant's challenge to the weight of the evidence to sustain his Robbery and Aggravated Assault convictions is waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/18