J-A29043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WALLY DAVID DORSEY :
:
Appellant : No. 372 WDA 2021

Appeal from the Judgment of Sentence Entered February 19, 2021
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0005222-2018

BEFORE: BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: DECEMBER 29, 2021**

Wally David Dorsey (Dorsey) appeals the judgment of sentence of the Court of Common Pleas of Westmoreland County (trial court) that he qualifies as a Sexually Violent Predator (SVP) under the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. In 2019, Dorsey pleaded guilty to one count of indecent assault. He was sentenced to a prison term of one to two years and designated as an SVP. Dorsey now challenges the SVP designation on the grounds that the trial court relied on unproven allegations of a past sexual crime and the Commonwealth did not carry its evidentiary burden of proof. We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Following Dorsey's guilty plea to indecent assault, the Commonwealth requested a hearing on whether he should be designated as an SVP. An SVP is defined in Pennsylvania law as a person who has committed a sexually violent offense and who suffers from "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. §9799.12 (defining "sexually violent predator").[1]

The factors to be considered by the trial court when making an SVP assessment are statutorily enumerated as follows:

> (b) Assessment-Upon receipt from the court of an order for an assessment, a member of the [Sexual Offenders Assessment Board] as designated by the administrative officer of the [B]oard shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator . . . . An assessment shall include, but not be limited to, an examination of the following:
>
>> (1) Facts of the current offense, including:
>>
>>> (i) Whether the offense involved multiple victims.
>>>
>>> (ii) Whether the individual exceeded the means necessary to achieve the offense.
>>>
>>> (iii) The nature of the sexual contact with the victim.
>>>
>>> (iv) Relationship of the individual to the victim.

---

[1] "As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied." *Commonwealth v. Geiter*, 929 A.2d 648, 650 (Pa. Super. 2007).

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individuals, including:

(i) Age

(ii) Illegal use of drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. §9799.24(b)(1).

"The salient inquiry to be made by the trial court is the identification of the impetus behind the commission of the crime and the extent to which the offender is likely to reoffend." *Commonwealth v. Morgan*, 16 A.3d 1165, 1169 (Pa. Super. 2011) (quoting *Fuentes v. Commonwealth*, 991 A.2d 935, 943 (Pa. Super. 2010) (emphasis omitted)). "[O]ne's risk of re-offending is

but one factor to be considered when making an assessment; it is not an 'independent element.'" **Commonwealth v. Stephens**, 74 A.3d 1034, 1038–39 (Pa. Super. 2013) (quoting **Commonwealth v. Morgan**, 16 A.3d 1165, 1170-72 (Pa. Super. 2011)).

The Commonwealth has the burden of proving by clear and convincing evidence that a defendant qualifies as an SVP. **See** 42 Pa.C.S. § 9799.24(e)(3). "We, as an appellate court, are required to view the evidence in the light most favorable to the Commonwealth when reviewing the sufficiency of the evidence for an SVP determination." **Commonwealth v. Hollingshead**, 111 A.3d 186, 194 (Pa. Super. 2015).

In the present case, the trial court held an evidentiary hearing on February 19, 2021. The Commonwealth presented the testimony of one expert witness, Carol Hughes, a psychologist who described at length Dorsey's criminal and psychiatric history.[2] Hughes opined that Dorsey fit the definition of an SVP based on each of the statutorily-enumerated factors for such a classification. She testified in pertinent part as follows:

> There's sufficient information in the case file data. This individual was 14 years of age when he came to the attention of the juvenile system. And that first arrest, the one charge is actually indecent assault. It's indecent assault and terroristic threats. The data that I had in my data packet indicated those charges were dismissed by the Juvenile Court in December 1983. And then at 15 years of age, he comes before the Juvenile Court again and

---

[2] Carol Hughes is a member of the Sexual Offender Assessment Board and in that capacity she was qualified to assess Dorsey under the statutory SVP assessment factors.

this time is adjudicated delinquent on theft related charges. The data that was available to me indicates a juvenile history of five delinquency referrals to the Juvenile Court, as well as issues related to parole being revoked. Then in June 1987 he's certified as an adult. There's history of running away from placement facilities, histories of detention at the Westmoreland County Detention Center, New Castle Youth Detention Center, and placement at Glen Mills School for Boys.

As an adult, my data was documenting 23 arrests. Most of that is related to theft-related crime so burglary, receiving stolen property, but there are also charges of terroristic threats and harassment, simple assault, some drug-related offenses, prowling at night. So the history is documenting diverse criminal history. Once again, he's coming to the attention of law enforcement authorities on many, many occasions. There's an extensive history of being on probation, extensive history of being incarcerated, and then of course there's the index sex offense.

In my report I outlined the diagnostic criteria for anti-social personality disorder . . . The data that was available to me, I'm able to document that there's conduct disorder behavior beginning prior to 15 years of age. I outline the criteria that the Diagnostic and Statistical Manual indicates as symptomatic of anti-social personality disorder, and you have to have three or more of these factors that are identified. The case file data for me identifies failure to conform to lawful behavior, indicated by repeatedly performing acts that are grounds for arrest. Deceitfulness. There is prior evaluation that I had documentation of that refers to him as impulsive.

In terms of irritability, aggressiveness, the offenses that relate to assault behavior are indicative of that as well as the sexual assault behavior, reckless disregard for the safety of others, again assault, and — well, physical assault and sexual assault behavior, and then irresponsibility and failure to sustain consistent work.

Sentencing Hearing Transcript, 2/19/2021, at pp. 9-11.

At the conclusion of the evidentiary hearing, the trial court detailed its

finding that Dorsey was an SVP:

I agree with the Commonwealth. I think the Commonwealth has set forth clear and convincing evidence that [Dorsey] is an individual who's committed a sexually violent offense and who is a sexually violent predator due to a mental abnormality or personality disorder, a mental abnormality in this case that makes the individual likely to engage in predatory sexually violent offenses. So, with regard to the first issue, he's committed a sexually violent offense. On May 30th of 2019, he pled guilty to indecent assault, and he admitted to having indecent assault with a 19-year old by forcible compulsion so that's clearly a sexually violent offense.

The next issue is probably the more difficult one to prove, but Ms. Hughes adequately demonstrated to me that he suffers from a mental abnormality, specifically anti-social personality disorder. She indicated that based on the records that she reviewed, which I think were adequate for her to make the decision, **he's had anti-social tendencies since the age of 14 in this case**. **He's failed to conform to social norms. He's committed acts that show deceitfulness, impulsivity, irritability, aggressiveness, and reckless disregard for others. So, I believe that he suffers from that mental health abnormality.**

**And then the third issue is whether he's likely to engage in predatory sexually violent offenses.** And if you look at the incident offense, he, I guess, didn't break into her home, but he came into her home without permission. This was a stranger, and he used force and the threat of force in order to violate her with the ultimate violation, which was the penetration so just from that basis, **I think it can be determined that he's a sexually violent predator, but I think Ms. Hughes went further by reviewing his criminal history, which indicated a long history of maybe not sexually violent predatory behavior but certainly predatory behavior. We've got a very long history here of breaking into homes, burglary, robbery, and a three-page long history as well as some personal crimes as well. So, I think that information indicates that he is a predator and that as she testified people that have that mental abnormality are likely to commit again.**

*Id*. at p. 26 (emphases added).

- 6 -

On appeal, Dorsey's central contention is that in making an SVP determination, the trial court relied on improper evidence – the fact that Dorsey was charged with a sexual crime when he was 14 years old. According to Dorsey, this erroneous consideration was an abuse of discretion, rendering the SVP determination invalid. However, it is apparent from the record that the trial court did not rely on unproven allegations as Dorsey claims.

As shown by the quoted transcript above, the trial court referred generally to Dorsey's entire record when describing his long-term pattern of criminal and anti-social conduct. The trial court found that clear and convincing evidence established that Dorsey suffers from a mental health abnormality, emphasizing that "he's had anti-social tendencies since the age of 14." *Id*. The trial court did not presume that Dorsey was guilty of a sexual offense alleged, but not proven, when Dorsey was 14 years old.

In fact, when evaluating whether Dorsey would be likely to commit predatory sexually violent offenses in the future, the trial court noted specifically that Dorsey had no prior history of sexually violent or predatory behavior. The trial judge made a finding that Dorsey would be likely to engage in such conduct based on the undisputed facts that he had just committed a violent sexual offense, he had a long history of criminal convictions, and he suffers from a mental abnormality.

Although it was arguably improper for the Commonwealth's witness to refer to an unproven juvenile allegation as evidence that Dorsey is an SVP,

the trial court did not, as Dorsey argues, make the alleged juvenile offense a material component of its determination that Dorsey has a propensity to reoffend. Additionally, Dorsey's counsel did not object to such references during the witness's testimony or mention the issue in the 1925(b) statement, waiving that discreet issue for the purposes of appeal. *See Commonwealth v. Berryman*, 649 A.2d 961, 973 (Pa. Super. 1994) ("[I]ssues, even those of constitutional dimension, are waived if not raised in the trial court.") (citation omitted); *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983) ("[A] new and different theory of relief may not be successfully advanced for the first time on appeal.") (citation omitted).

To the extent that Dorsey is arguing more generally that the trial court erred because the evidence as a whole was legally insufficient to support an SVP designation, we again find that no relief is due. As previously discussed, the Commonwealth produced the testimony of an expert witness who credibly opined that Dorsey has a mental abnormality and extensive criminal history that make it likely he will reoffend in the future. It was up to the trial court to weigh the testimony and evidence before it to determine if the Commonwealth proved by clear and convincing evidence that Dorsey is an SVP. *See Commonwealth v. Hollingshead*, 111 A.3d 186, 189 (Pa. Super. 2015). On review of a sufficiency claim, this Court must "view all evidence and the reasonable inferences therefrom in the light most favorable to the Commonwealth." *Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa.

Super. 2011). An SVP designation must be affirmed if the Commonwealth presented clear and convincing evidence that satisfies each element of the SVP statute. ***See id***.

Here, the trial court considered evidence that would tend to establish all statutory elements for an SVP classification. This Court cannot second-guess the evidentiary weight assigned by the trial court in making its determination that Dorsey is an SVP. ***See generally Commonwealth v. Meals***, 912 A.2d 213 (Pa. 2006) (appellate court may not re-weigh SVP evidence presented to the trial court and give more weight to factors that were absent than to those found and relied upon by the trial court). Thus, the judgment of sentence and SVP designation must stand.

Judgment of sentence and SVP determination affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/2021