J-S15008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAROLYN M. ENDY | : | |
| | : | |
| Appellant | : | No. 909 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 6, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000770-2021

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 20, 2024**

Appellant, Carolyn M. Endy, appeals from the judgment of sentence entered March 6, 2023.  We affirm.

The trial court summarized the relevant facts of this case as follows.

> The victim, Michael Endy, who had been married to [Appellant] since 2016, left their marital residence in June or July of 2020 after they had a "big blow out [sic]."  [Mr. Endy] did [not] tell [Appellant] where he was going, but temporarily relocated to the home of the mother of his adult son . . .  which [Appellant] had been to before.
>
> On September 3, 2020, [Appellant] came to the house uninvited, and was asked several times to leave.  According to [Mr. Endy], "[Appellant] wanted to talk about something, . . . but [he] had told her there [was] nothing to talk about.  What she did to [him] was done.  It [was] over."  There was no physical confrontation at that time, but to avoid any encounter, [Mr. Endy] got in his car and left.

---

[*] Retired Senior Judge assigned to the Superior Court.

[Mr. Endy] soon noticed [Appellant] followed him in her car. He [] planned to stop for cigarettes, but did [not] want to do so with her following him. [Mr. Endy] made some turns and maneuvers he thought had gotten her off his tail, so [he] stopped at a convenience store and went inside. When [Mr. Endy] came out [of the store], however, [Appellant] had blocked his vehicle in with hers. [Mr. Endy] went back in the store and reemerged [later] to find [that Appellant] had [] parked next to his car too close for him to get in; [Mr. Endy] told her to leave so he could go about his business, but [Appellant] came screaming, pummeling, and clawing at him in an attack he described as lasting [10] to [15] minutes, in the process ripping open his T-shirt and damaging a chain around his neck. At trial, the prosecution introduced as exhibits the actual ripped shirt [Mr. Endy] had worn and photographs of the injuries he had sustained in the assault that day.

Trial Court Opinion, 11/17/23 at 1-2 (internal citations omitted).

The Commonwealth filed a criminal complaint against Appellant on September 10, 2020, charging her with simple assault and harassment. Appellant "was brought before the court for a preliminary arraignment on September 22, 2020, made bail, and was scheduled for a preliminary hearing." *Id.* at 4. After various continuances, a preliminary hearing was ultimately held on January 21, 2021. Thereafter, Appellant filed a motion for writ of *habeas corpus* on April 29, 2021. The trial court convened a hearing on Appellant's motion on July 26, 2021, and denied Appellant's motion the next day. The Commonwealth filed its information against Appellant on August 3, 2021.

Appellant's counsel requested a continuance during a pre-trial conference convened on April 8, 2022. Another pre-trial conference was held on May 16, 2022, which resulted in the matter being "moved to the call-of-trial

list." *Id.* at 7. On May 27, 2022, the Commonwealth moved to "revoke or increase [Appellant's] bail for violating its nonmonetary condition," namely having no contact with Mr. Endy. *Id.* at 7-8. "The motion cited as violations [Appellant's] aggressions towards [Mr. Endy] while this case was pending . . . leading to her intervening summary convictions for harassment on June 29, 2021, and April 26, 2022, respectively." *Id.* at 8. The trial court, however, dismissed the Commonwealth's motion following a hearing because "the Commonwealth failed to present any witnesses." *Id.* Nonetheless, the trial court further ordered Appellant to "have no contact with [Mr.] Endy pending the resolution of the [instant] charges." *Id.* at 9.

"On December 23, 2022, notice went out . . . [that] the case was on the January 4, 2023, call of the trial list." *Id.* On December 30, 2022, Appellant filed a motion pursuant to Pa.R.Crim.P. 600, requesting the trial court to dismiss Appellant's charges. Ultimately, the matter was scheduled to proceed to a jury trial on March 6, 2023. Thereafter, on February 13, 2023, the Commonwealth filed a motion *in limine* under Pa.R.E. 404(b), seeking to introduce into evidence Appellant's June 29, 2021, and April 26, 2022 summary convictions arising from her "incidents of harassing [Mr. Endy]." *Id.* at 10. In addition, the Commonwealth filed a motion pursuant to Pa.R.Crim.P. 564, seeking to amend the bills of information to add a count of disorderly conduct. On February 15, 2023, the Commonwealth *nolle prossed* the charge of simple assault and, by agreement, amended the bills of information to include a summary charge of disorderly conduct.

- 3 -

The parties convened for Appellant's trial on March 6, 2023. Prior to trial, the court heard argument on Appellant's Rule 600 motion to dismiss, as well as the Commonwealth's motion *in limine*. Ultimately, the trial court denied Appellant's motion, but granted the Commonwealth's motion *in limine*. After a bench trial, the court convicted Appellant of harassment and disorderly conduct,[1] and sentenced her to three months' probation. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Did the trial court err in granting the Commonwealth's Pa.R.E. 404(b) motion because evidence of Appellant's prior convictions – alone without any of the underlying facts presented at the hearing – only showed [Appellant's propensity to act] in accordance with her character and did not prove motive, intent, absence of mistake or fall under any other permissible exception of [Rule] 404(b)(2)?

2. Did the trial court err in denying Appellant's Pa.R.Crim.P. 600 motion because trial in this matter did not commence within 365 days from the date the complaint was filed and it was not proven that the Commonwealth acted with due diligence throughout the life of the case?

Appellant's Brief at 3.

In her first issue, Appellant claims that the trial court erred in granting the Commonwealth's motion *in limine*, thereby permitting the Commonwealth to introduce evidence of Appellant's two summary convictions for harassment on June 29, 2021, and April 26, 2022. Both convictions involved Appellant's aggressive confrontation of Mr. Endy during the pendency of the instant

_____

[1] 18 Pa.C.S.A. §§ 2709(a)(1) and 5503(a)(4), respectively.

prosecution and in violation of the non-monetary conditions of Appellant's bond. On appeal, Appellant claims that this evidence did not satisfy the requirements of Pa.R.E. 404(b)(2)[2] because there is "no connection" between the instant matter and the incidents giving rise to her summary convictions and, as such, evidence of the same "offered no proof as to [Appellant's] intent" and "failed to show any motive for the alleged assault that took place [in this instance]." Appellant's Brief at 23. This issue is waived.

This Court previously explained:

> Our Pennsylvania Rules of Appellate Procedure and our case law set forth the well-established requirements for preserving a claim for appellate review. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. *Commonwealth v. York*, 465 A.2d 1028, 1032 (Pa. Super. 1983).

*Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016) (parallel citations omitted).

A review of the certified record reveals that, during the March 6, 2023 hearing, Appellant's offered the following opposition to the Commonwealth's motion *in limine*:

---

[2] Rule 404(b)(2) allows evidence of any other crime, wrong, or act for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Pa.R.E. 404(b). The rule further provides that, in a criminal case, this evidence is admissible only if "the probative value of the evidence outweighs its potential for unfair prejudice." *Id.*; *see also* Pa.R.E. 403.

Your Honor, my argument goes kind of a little bit along the weight is that both of these convictions happened in the magisterial district court which, as Your Honor is aware, is not actually a court of record. So we do not have – we do [not] know exactly what happened at those hearings as to what it was that she was found – we know what charge she was found guilty of, but we do [not] know what actions it was that would have gotten her to be found guilty of that.

Further, Your Honor, I know that does [not] have anything to do with it . . . but I think we have to be aware that this – some of these – if this was regular time, and that if the Commonwealth – if the [c]ourts were up and ready and going as they were – as we were in Montgomery County getting all of our cases done within 365 days of when [criminal complaints were filed], one of these [convictions] at least would not have been happening during the pendency of the case. And I would just argue that, while these did happen and they are subsequent and they are with the same people, the weight of it should not – is – the prejudice of just those convictions [outweighs the probative value].

N.T. Hearing, 3/6/23, at 31-32. At no point did Appellant claim that evidence of the prior convictions failed to meet the substantive requirements of Pa.R.E. 404(b)(2). Instead, Appellant argued only that there was no detailed record of Appellant's conduct that supported her two convictions, and that the Commonwealth could not have introduced the convictions at Appellant's trial if the current criminal prosecution had proceeded more rapidly. Because Appellant has "improperly attempt[ed] to raise a new theory of relief for the first time on appeal," we conclude that her claim is waived. *Phillips*, 141 A.3d at 522.

In her second issue, Appellant challenges the trial court's disposition of her Rule 600 motion to dismiss. Our review of this issue is governed by the following standard:

- 6 -

In evaluating [Pa.R.Crim.P.] 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Furthermore:

> The proper scope of review [ ... ] is limited to the evidence of record of the [Pa.R.Crim.P.] 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party. Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind [Pa.R.Crim.P.] 600. [Pennsylvania Rule of Criminal Procedure] 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of [Pa.R.Crim.P.] 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, [Pa.R.Crim.P.] 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Commonwealth v. Martz*, 926 A.2d 514, 517 (Pa. Super. 2007) (citation omitted).

Rule 600 provides, in relevant part:

(A) Commencement of Trial; Time for Trial

> (1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

> (2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

\* \* \*

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

This Court has explained

the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

**Commonwealth v. Bethea**, 185 A.3d 364, 371 (Pa. Super. 2018) (cleaned up) (citation and emphasis omitted).

- 8 -

Herein, it is undisputed that the mechanical run date was September 10, 2021. We must, however, "account for any 'excludable time' and 'excusable delay'" to derive an adjusted run date. *Commonwealth v. Colon*, 87 A.3d 352, 358 (Pa. Super. 2014) (citation omitted). "Excludable time is delay that is attributable to the defendant or his counsel." *Id.* (citation omitted). Excusable delay, on the other hand, "is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." *Id.* (citation omitted). "When the defendant or the defense [was] instrumental in causing the delay, the period of delay will be excluded from computation of time." *See* Pa.R.Crim.P 600, Cmt.

"[P]eriods of judicial delay [constitute excusable delay and, therefore,] are excludable from calculations under [Rule 600]." *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017). Indeed, "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable." *Id.* Importantly, however, "'before a trial court excludes time from its Rule 600 [] computation on the basis of 'judicial delay,' the Commonwealth must 'demonstrate that it acted with due diligence.'" *Commonwealth v. Lear*, 290 A.3d 709, 719 (Pa. Super. 2023) (citation omitted). Thus,

> in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion.

*Id.* (citation omitted).

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). "[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," ***Colon***, 87 A.3d at 359 (citation omitted), and it bears the burden of proving by a preponderance of the evidence that it exercised due diligence. ***Commonwealth v. Plowden***, 157 A.3d 933, 941 (Pa. Super. 2017) (*en banc*) (citation omitted); ***see also Commonwealth v. Ramos***, 936 A.2d 1097, 1102 (Pa. Super. 2007) (holding due diligence "includes, among other things, listing a case for trial prior to the run date, preparedness [for] trial within the run date, and keeping adequate records to ensure compliance with Rule 600").

A review of the certified record herein reveals that the following periods constitute excludable delay: October 1, 2020 through February 10, 2021 (delay of the preliminary hearing and Appellant's waiver of arraignment due to continuances attributable to the magisterial district judge and Appellant) and April 8, 2022 through May 16, 2022 (continuance requested by Appellant). Based upon the foregoing, we conclude that a total of 170 days are excludable due, mostly, to Appellant's requests for a continuance, establishing an initial adjusted run date of February 28, 2022.

Appellant's trial, however, did not commence until March 6, 2023, a total of 371 days after the February 28, 2022 initial adjusted run date. In its Rule 1925(a) opinion, the trial court attributed various periods of delay to Appellant or judicial delay, and explicitly found that the Commonwealth exercised due diligence over the life of the case. *See* Trial Court Opinion, 11/17/23, at 75 and 102. Appellant, however, contends that the periods between February 10, 2021 through August 3, 2021 and May 16, 2022 through March 6, 2023 are not excludable, citing the Commonwealth's alleged lack of diligence. In support of this contention, Appellant points to the fact that the Commonwealth did not file bills of information until August 3, 2021. Appellant also claims that the Commonwealth did not provide discovery until January 2023. *See* Appellant's Brief at 28-30. Per Appellant, these two failures evidence a lack of due diligence on the part of the Commonwealth. *Id*. at 30. Accordingly, Appellant claims that the trial court erred in denying Appellant's Rule 600 motion to dismiss.

We preliminarily note that, in contrast to Appellant's claims, the Commonwealth provided discovery to Appellant on July 28, 2021. *See* N.T. Hearing, 3/6/23, at 6. Appellant admitted as such during the hearing on her Rule 600 motion. *Id*. (Appellant's counsel admitting that "the discovery was given to [him]" and that he "had discovery on time"). On appeal, it is apparent that Appellant's claim revolves around the Commonwealth's failure to provide *supplemental* discovery concerning the incidents that occurred between Appellant and Mr. Endy, resulting in her summary convictions on June 29,

2021, and April 26, 2022. *See* Appellant's Brief at 29. Because these incidents did not occur until after the Commonwealth initially produced discovery concerning the instant prosecution and were not relevant until the Commonwealth submitted its motion *in limine* under Pa.R.E. 404(b) on February 13, 2023, we conclude that Appellant's contention that the Commonwealth failed to provide discovery and, in turn, failed to exercise due diligence, is belied by the record.

That being said, Appellant is correct in the fact that the Commonwealth did not file bills of information in this instance until August 3, 2021. In its Rule 1925(a) opinion, the trial court appears to recognize this, but nonetheless opines that "the Commonwealth was ready to proceed to trial in August 2021," and remained so "throughout the life of the case[.]" Trial Court Opinion, 11/17/23, at 102 (internal citations omitted). The trial court, however, further determined that any delays in bringing Appellant to trial after August 3, 2021

> [were] mainly a result of the state of affairs in this [c]ourt with its pandemic-created backlog, circumstances "beyond the control of the Commonwealth."

*Id.* In reaching this conclusion, the trial court explicity relied upon an exhibit the parties stipulated to during the hearing on Appellant's Rule 600 motion due to its "special significance as both fact and precedent." *Id.* at 18. The trial court described the contents of the exhibit as follows.

> It was the notes of testimony of a Rule 600 hearing before Criminal Administrative Judge Rothstein held on October 21, 2022, in [*Commonwealth v.*] *Gerhard*[, No. CP-46-CR-0003175-2021.] At the *Gerhard* Rule 600 hearing,

- 12 -

> Edward McCann, First Assistant District Attorney, Lauren Heron, Deputy Court Administrator for criminal matters, and Gwendolyn Kull, Assistant District Attorney, testified and offered exhibits to show the measures their offices had taken throughout the COVID-19 emergency and its aftermath to schedule and hear cases within the parameters the court had laid down for dealing with the pandemic and the inevitable delays it caused.

*Id.*; *see also* N.T. Hearing, 3/6/23, at 8 (explaining that the parties stipulated to the Commonwealth's Exhibit C-12, *i.e.*, the "notes of testimony from the . . . *Gerhard* [matter]"; if called to testify, the aforementioned witnesses' testimony "would be substantially similar;" and the trial court could consider the exhibit "for purposes of this Rule 600 hearing, for the purposes of analyzing [the] Commonwealth's due diligence") (emphasis added). It is apparent, therefore, that this exhibit spoke to the Commonwealth's due diligence after it provided discovery and filed the bills of information.

Importantly, however, Appellant failed to include this or any other exhibit the parties stipulated to in the certified record. As such, we are precluded from evaluating Appellant's claims alleging that the Commonwealth failed to exercise due diligence and, relatedly, that judicial delay retarded progress in this matter despite the Commonwealth's attempts to list this case for trial. It is well-settled that "it is the responsibility of the appellant to offer a complete record for our review." *Commonwealth v. Hayes*, 755 A.2d 27, 35 (Pa. Super. 2000) (quotation omitted). If our "review depends upon materials not present in the certified record, [the] appellant's claim is waived." *Id.* (citation omitted). Because we are unable to assess the Commonwealth's

due diligence due to Appellant's omission, we are constrained to conclude that Appellant's claim is waived.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/20/2024